United States District Court
Southern District of Texas
**ENTERED**
February 26, 2021
Nathan Ochsner, Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| LEROY WAYNE GARDINER, TDCJ #2081137, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. H-20-0702 |
| BOBBY LUMPKIN,[1] Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

## MEMORANDUM AND ORDER

State inmate Leroy Wayne Gardiner has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 [Doc. # 1], seeking relief from a conviction from Montgomery County, Texas, that resulted in a sentence of 20 years' imprisonment in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). He has also filed memorandum in support [Doc. # 2]. The respondent has answered with a motion for summary judgment [Doc. # 13]. Gardiner has filed a response [Doc. # 18], and he has also filed a motion for appointment of counsel [Doc. # 19]. After reviewing all of the pleadings, the state

---

[1] The court substitutes Bobby Lumpkin, who has succeeded former respondent Lorie Davis as Director of the Texas Department of Criminal Justice – Correctional Institutions Division, as the respondent in this case pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

court records, and the applicable law, the Court will grant the respondent's motion and dismiss this action for the reasons explained below.

## I.    <u>BACKGROUND</u>

On July 2, 2015, the State of Texas filed formal charges against Gardiner in a complaint and information, accusing him of committing arson on July 4, 2005.[2]  On July 30, 2015, a grand jury in Montgomery County returned an indictment against Gardiner in connection with that offense in Cause No. 15-07-06736.[3]  The indictment was enhanced for purposes of punishment based on the allegation that Gardiner had a prior felony conviction for delivery of marijuana.[4]  Subsequently, the grand jury returned a similar indictment against Gardiner in Cause No. 16-05-05554, charging him with committing a different arson offense that occurred on March 11, 2015.[5]

---

[2]    Complaint [Doc. # 14-3], at 6; Information [Doc. # 14-3], at 7.  For purposes of identification, all page numbers reference the pagination for each docket entry imprinted by the Court's electronic case filing system (ECF).

[3]    Indictment [Doc. # 14-3], at 9.

[4]    *Id.*

[5]    *See* Indictment [Doc. #19-3 in Civil Action No. H-20-cv-0704], at 4.  Gardner has filed a separate federal habeas corpus action to challenge his conviction for the arson offense committed on the March 11, 2015, and the Court takes judicial notice of the state court records submitted in connection with that case [Doc. # 19, in Civil Action No. H-20-cv-0704].  The Court will refer to those records only where necessary.  Otherwise, all references to the state court records are to those filed in Civil Action No. 20-cv-0702.

Gardiner agreed to plead guilty as charged in the 359th Judicial District Court of Montgomery, Texas, and confessed to both offenses in a written plea agreement after being admonished of his rights by the trial court.[6]  Under the terms of the plea agreement, Gardiner agreed to let the trial court determine his punishment and the State agreed to make no recommendation, but stipulated that Gardiner would receive credit on his sentence for time already spent in custody.[7]

After Gardiner entered his guilty plea, the trial court held a punishment hearing to determine Gardiner's sentence in each case.  At the start of the proceeding, the trial court arraigned Gardiner on the charges against him and confirmed that his guilty plea was both voluntarily and informed.[8]  Testimony from witnesses established that Gardiner had engaged in a long-running feud with his neighbor, David Coen, which escalated when Gardiner set fire to Coen's property on the occasions charged in the indictments.[9]  The State presented testimony from an arson investigator, who confirmed that Gardiner committed both arson offenses in 2005,

---

[6]     Admonitions to the Defendant for Plea to the Court [Doc. # 14-3], at 34-35; Waiver Consent, Judicial Confession, and Plea Agreement [Doc. # 14-3], at 35-36.

[7]     Waiver Consent, Judicial Confession, and Plea Agreement [Doc. # 14-3], at 35.

[8]     Court Reporter's Record, vol. 2 [Doc. # 14-5], at 11-14.

[9]     *Id.* at 12-110.

3

and 2015.[10]  A neighbor testified that Gardiner threatened Coen with a gun before setting his property on fire and that he also threatened to burn her house down.[11]

After considering all of the evidence, the trial court accepted Gardiner's guilty plea to the charged offenses and his plea of "true" to the enhancement allegation.[12] The trial court then sentenced Gardiner in open court to 20 years' imprisonment in Cause No. 15-07-06736 and 35 years' imprisonment in Cause No. 16-05-05554.[13] The trial court recessed while written judgments were prepared.[14]  The trial court then reconvened briefly and formally entered those judgments in the record.[15] Gardiner's defense counsel was not present when the judgments were entered, because he reportedly believed that he did not need to be there for the formal reading.[16] Consistent with the oral pronouncement of sentence, the judgments reflect Gardiner received a sentence of 20 years' imprisonment in Cause No. 15-07-06736

---

[10]     *Id.* at 47-63.

[11]     *Id.* at 66-68.

[12]     *Id.* at 112.

[13]     *Id.* at 112-13.

[14]     *Id.* at 114.

[15]     *Id.* at 114-15.

[16]     *Id.*

and 35 years' imprisonment in Cause No. 16-05-05554, to be served concurrently, along with credit for time spent in custody in each case.[17]

Gardiner filed a direct appeal, arguing that he was entitled to a new punishment hearing because his counsel was not present immediately before or during the formal reading of the judgments and that he was denied of counsel during this phase of the proceeding in violation of the Sixth Amendment to the United States Constitution.[18]   An intermediate court of appeals rejected this claim during the consolidated appeal from both of the arson convictions, observing that defense counsel was present when the sentences were "originally assessed and orally pronounced," therefore, Gardiner was not deprived of counsel during "the entire critical stage of sentencing." *Gardiner v. State*, Nos. 09-16-0092-CR & 09-16-00196-CR, 2017 WL 2687476, at *2 (Tex. App. — Beaumont, June 21, 2017, pet. ref'd).  Finding that the written judgments were "identical to those orally pronounced by the court when Gardiner's attorney was present," the court of appeals concluded further that Gardiner failed to show harm from the error.  *See id*.  The Texas Court

---

[17]    Judgment of Conviction by Court – Waiver of Jury [Doc. # 14-3], at 39; Judgment of Conviction by Court – Waiver of Jury [Doc. # 19-3 in Civil Action No. H-20-cv-0704], at 14.

[18]    Gardiner's Appellate Brief [Doc. # 14-8], at 1-26.

of Criminal Appeals refused Gardiner's petition for discretionary review of that issue.[19]

Gardiner filed a pair of state habeas corpus applications to challenge the convictions entered against him in Cause Nos. 15-07-06736 and 16-05-05554.[20] After the trial court entered findings of fact and conclusions of law,[21] the Texas Court of Criminal Appeals followed the trial court's recommendation and denied relief without a written order in each proceeding on April 24, 2019.[22]

While his initial state habeas applications were still pending, Gardiner filed another pair of state habeas corpus applications on March 28, 2019, and April 1, 2019, respectively, to challenge the convictions entered against him in Cause Nos. 15-07-06736 and 16-05-05554.[23]   The trial court forwarded both applications to the

---

[19]     Gardiner's Petition for Discretionary Review, Nos. 837-17 & 838-17 [Doc. # 14-8], at 1-23.

[20]     State Habeas Application – Writ No. 89,620-01 (16-05-05554(1)) [Doc. # 14-20], at 8-25; State Habeas Application – Writ No. 89,620-02 (15-07-06736(1)) [Doc. # 14-21], at 6-23.

[21]     Findings of Fact and Conclusions of Law – Writ No. 89,620-01 (16-05-05554(1)) [Doc. # 14-20], at 152-56; Findings of Fact and Conclusions of Law –Writ No. 89,620-02 (15-07-06736(1)) [Doc. # 14-21], at 124-28.

[22]     Action Taken on Writ No. 89,620-01 (16-05-05554(1)) [Doc. # 14-17], at 1; Action Taken on Writ No. 89,620-02 (15-07-06736(1)) [Doc. # 14-22], at 1.

[23]     State Habeas Application – Writ No. 89,620-03 (16-05-05554(2)) [Doc. # 14-30], at 6-24; State Habeas Application – Writ No. 89,620-04 (15-07-06736(2)) [Doc. # 14-35], at 5-26.

Texas Court of Criminal Appeals, which remanded one of them for findings in connection with claims concerning Gardiner's conviction in Cause No. 16-05-05554.[24] After the trial court entered findings of fact and conclusions of law related to that application,[25] the Texas Court of Criminal Appeals denied relief without a written order in each proceeding on February 12, 2020.[26]

In the federal habeas corpus petition now pending before this Court, Gardiner seeks relief under 28 U.S.C. § 2254 from the conviction and 20-year sentence entered against him in Cause No. 15-07-06736 for the following reasons:

1. His conviction is void for lack of jurisdiction because the indictment was returned more than 10 years after the charged offense occurred, rendering it fundamentally defective.

2. The evidence was insufficient to sustain the conviction.

3. The trial court abused its discretion by accepting his guilty plea when the State failed to present sufficient evidence to support the conviction.

4. His guilty plea was not knowingly, intelligently, or voluntarily made.

---

[24]    Order – Writ No. 89,620-03 (16-05-05554(2)) [Doc. # 14-31], at 1-3; *Ex parte Gardiner*, Writ No. 89,620-03, 2019 WL 4316818 (Tex. Crim. App. Sept. 11, 2019).

[25]    Findings of Fact and Conclusions of Law – Writ No. 89,620-03 (16-05-05554(2)) [Doc. # 14-29], at 25-28.

[26]    Action Taken on Writ No. 89,620-03 (16-05-05554(2)) [Doc. # 14-23], at 1 (denying relief without a written order on findings made by the trial court and "and on the court's independent review of the record"), at 1; Action Taken on Writ No. 89,620-04 (15-07-06736(2)) [Doc. # 14-32], at 1 (denying relief without a written order).

5. He was denied effective assistance of counsel when his attorney failed to (a) object to the defective indictment; (b) object to the trial court's finding of guilt based on insufficiency of the evidence; (c) misled him about whether there was a "deal with the prosecutor to receive probation"; and (d) be present for the formal reading of the judgment.[27]

The respondent moves for summary judgment, arguing that Gardiner's third ground for relief was not presented previously in state court and is barred from federal review as the result of his failure to exhaust remedies regarding this claim.[28]  The respondent argues that Gardiner's remaining claims are either without merit or waived by his knowing and voluntary guilty plea.[29]

## II.    <u>STANDARD OF REVIEW</u>

Before a state prisoner can seek federal habeas corpus review he is required to exhaust remedies by presenting his claims for adjudication in a procedurally proper manner in state court.  *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526

---

[27]    Petition [Doc. # 1], at 6-7, 11-17; Memorandum in Support [Doc. # 2], at 1-8. Because the petitioner represents himself, his pleadings have been liberally construed under a less stringent standard than the one that applies to those drafted by attorneys.  *See Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam); *see also Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) ("The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction," meaning that their submissions "are not held to the same stringent and rigorous standards as are pleadings filed by lawyers.") (internal citation marks and quotation omitted).  For purposes of analysis, the Court has consolidated two repetitive claims in Claim 3, which are listed as grounds 3 and 5 in the petition and supporting memorandum.

[28]    Respondent's Motion for Summary Judgment  [Doc. # 13], at 5-6.

[29]    *Id.* at 13-22.

U.S. 838, 844-45 (1999).  A Texas prisoner must present the substance of his claims to the highest state court for criminal matters, which is the Texas Court of Criminal Appeals, in either a petition for discretionary review from his direct appeal or an application for state habeas relief under Article 11.07 of the Texas Code of Criminal Procedure.  *See Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").  Where a prisoner fails to pursue available state remedies, or where remedies are rendered unavailable by a prisoner's own procedural default, federal courts are barred from reviewing the claims.  *See Coleman v. Thompson*, 501 U.S. 722, 31-32 (1991); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

Claims that have been properly raised and adjudicated on the merits are subject to the legal standard found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d).  Under this standard, a federal habeas corpus court may not grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]"  28 U.S.C. § 2254(d)(1).  "A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of

the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Matamoros v. Stephens*, 783 F.3d 212, 215 (5th Cir. 2015) (citations omitted).  To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (citation omitted).   "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

The Supreme Court has emphasized that 28 U.S.C. § 2254(d) "imposes a 'highly deferential standard for evaluating state-court rulings, . . . [which] 'demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted). This standard is intentionally "difficult to meet" because it was meant to bar relitigation of claims already rejected in state proceedings and to preserve federal habeas review as "a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."   *Richter*, 562 U.S. at 102-03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)).

A state court's factual determinations are also entitled to deference on federal habeas corpus review. Findings of fact are "presumed to be correct" unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Where a claim presents a question of fact, a petitioner cannot obtain federal habeas relief unless he shows that the state court's denial of relief "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A federal habeas corpus court "may not characterize these state-court factual determinations as unreasonable 'merely because [it] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015) (quoting *Wood v. Allen*, 558 U.S. 290, 301, 130 S. Ct. 841, 849 (2010)). "Instead, § 2254(d)(2) requires that [a federal court] accord the state trial court substantial deference." *Id*.

## III.   DISCUSSION

### A.   Challenges to the Indictment (Claim 1)

Gardiner contends that his indictment in Cause No. 15-07-06736 is fundamentally defective because it was returned by the grand jury on July 30, 2015, more than ten years after the charged offense occurred on July 4, 2005, meaning that his prosecution was barred by the statute of limitations.[30] Gardiner raised a similar

---

[30]   Petition [Doc # 1], at 6; Memorandum [Doc. # 2], at 1-2.

claim on state habeas corpus review.[31]   The state habeas corpus court concluded that the claim was not cognizable on collateral review.[32]   Alternatively, the state habeas corpus court found that the claim was without merit because "[t]he State filed a complaint and information in cause number 15-07-06736 before the ten-year statute of limitations expired for the applicant's 2005 arson charge." [33]   The state court's findings are supported by the record, which confirms that formal charges were filed before the statute of limitations expired and that Gardiner's indictment was not untimely or fundamentally defective.[34]

The respondent contends that Gardiner's challenge to the indictment is not actionable on federal habeas corpus review.[35]   The Fifth Circuit has emphasized that "the sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *Evans v. Cain*, 577 F.3d 620, 624 (5th Cir. 2009) (citing *Branch v. Estelle*, 631 F.2d 1229, 1233 (5th Cir. Unit A 1980); *see also McKay v. Collins*,

---

[31]   State Habeas Application [Doc # 14-21], at 11, 17.

[32]   Findings of Fact and Conclusions of Law [Doc. # 14-21], at 126 (citing *Ex parte Heilman*, 456 S.W.3d 159, 169 (Tex. Crim. App. 2015)).

[33]   *Id*. at 125, 126 (citing Tex. Code Crim. Proc. Ann. art. 12.05 (West 2015)).

[34]   Complaint [Doc. # 14-3], at 6; Information [Doc. # 14-3], at 7.

[35]   Respondent's Motion for Summary Judgment  [Doc. # 13], at 15-16.

12 F.3d 66, 68 (5th Cir. 1994) (same)).   Where a state court has held that an indictment is sufficient under state law, a federal court need not address that issue. *See Evans*, 577 F.3d at 624 (quoting *McKay*, 12 F.3d at 68).

In denying Gardiner's state habeas corpus application, the Texas Court of Criminal Appeals rejected his claim that the indictment was barred by the statute of limitations and necessarily found that it was sufficient to vest the trial court with jurisdiction.   The issue is foreclosed from consideration on federal habeas review if "the sufficiency of the [indictment] was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case." *Wood v. Quarterman*, 503 F.3d 408, 412 (5th Cir. 2007) (citation omitted). Gardiner does not otherwise show that his claim has merit.   Accordingly, the respondent is entitled to summary judgment on this claim.

### B.   Insufficient Evidence (Claim 2)

Gardiner contends that he is entitled to relief from his conviction because the State failed to prove every essential element of the charged offense beyond a reasonable doubt as required by the Due Process Clause.[36] Gardiner made a brief reference to this claim in his state habeas corpus application.[37] The state habeas

---

[36]   Petition [Doc # 1], at 6, 13, 14; Memorandum [Doc. # 2], at 2-3.

[37]   State Habeas Application [Doc # 14-21], at 11, 17.

13

corpus court rejected the claim after concluding that it was not cognizable on collateral review.[38]

The respondent argues that Gardiner is not entitled to relief because, by pleading guilty, he waived the right to a trial and cannot now challenge the sufficiency of the evidence.[39] The Due Process standard for sufficiency of the evidence for state court convictions found in *Jackson v. Virginia*, 443 U.S. 307 (1979), which requires proof of each element of an offense beyond a reasonable doubt, does not apply when a defendant enters a guilty plea.  *See Kelly v. Alabama*, 636 F.2d 1082, 1083-84 (5th Cir. 1981) (holding that a defendant who pleads guilty cannot later demand a trial unless there is some infirmity in the entry of his guilty plea).  Because there is no federal constitutional requirement that evidence be introduced in this context, Gardiner's guilty plea was sufficient to support his conviction.  *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *see also United States v. Broce*, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.").

---

[38]    Findings of Fact and Conclusions of Law [Doc. # 14-21], at 127 (citing *Ex parte Knight*, 401 S.W.3d 60, 64 (Tex. Crim. App. 2013)).

[39]    Respondent's Motion for Summary Judgment  [Doc. # 13], at 16-17.

As discussed further below, Gardiner has not shown that his guilty plea was tainted by infirmity. Because he waived the right to have the State present evidence when he entered his guilty plea, he has not shown that the State was required to prove that he committed the offense beyond a reasonable doubt. Gardiner does not demonstrate that the state habeas corpus court's decision to deny relief was contrary to or an objectively unreasonable application of clearly established law. Therefore, the respondent is entitled to summary judgment on this claim.

## C.    The Trial Court's Acceptance of the Guilty Plea (Claim 3)

In his third claim for relief, Gardiner alleges that the trial court abused its discretion by accepting his guilty plea without requiring the prosecution to introduce evidence as required by state law.[40] The respondent notes that Gardiner did not raise this claim previously on direct appeal or in one of his state habeas corpus applications.[41] Because Gardiner failed to exhaust available state court remedies and cannot return to state court because of the Texas rule on successive applications that are considered an abuse of the writ, the respondent maintains that this claim must be dismissed as barred by the doctrine of procedural default.[42]

---

[40]    Petition [Doc. # 1], at 7, 13 (Grounds Three and Five); Memorandum in Support [Doc. # 2], at 3, 5 (Grounds Three and Five listed in the Petition).

[41]    Respondent's Motion for Summary Judgment [Doc. # 13], at 5.

[42]    *Id*. at 5-6.

15

As noted above, Gardiner has already filed more than one state habeas corpus application to challenge his conviction in Cause No. 15-07-06736.  The Texas Court of Criminal Appeals would bar any attempt to raise this claim in a subsequent state habeas application as an abuse of the writ.  *See Ex parte Whiteside*, 12 S.W.3d 819, 821-22 (Tex. Crim. App. 2000).  The Fifth Circuit has recognized that dismissal of a state habeas application for abuse of the writ by the Texas Court of Criminal Appeals constitutes a procedural default that is sufficient to bar federal habeas review of a petitioner's claims.  *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).  Consequently, Gardiner is precluded from federal habeas review of this claim unless he can show cause for the default and resulting prejudice, or demonstrate that the Court's failure to consider the claims would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750-51.  To satisfy the exception reserved for fundamental miscarriages of justice, a petitioner must provide the court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986).

Gardiner has not demonstrated cause for his default and he has not established actual prejudice or shown that a fundamental miscarriage of justice will result from the failure to consider this claim.  Accordingly, Gardiner's claim that the trial court

abused its discretion by accepting his guilty plea is procedurally barred from federal review and the respondent is entitled to summary judgment on this issue.

Alternatively, the Court notes that the claim is without merit. Although state law found in Article 1.15 of the Texas Code of Criminal Procedure requires some evidence to support a conviction based on a guilty plea to a felony offense, a written judicial confession such as the one executed by Gardiner can satisfy this requirement.[43] *See Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). The State also presented additional evidence during the punishment proceeding from an arson investigator, connecting Gardner with the arson offense committed in 2005.[44] More is not required because, as discussed previously, Gardiner waived the right to a trial when he entered his guilty plea. Under these circumstances, Gardiner fails to show that the trial court abused its discretion by accepting his plea or that he is entitled to relief on this claim.

---

[43]     Admonitions to the Defendant for Plea to the Court [Doc. # 14-3], at 34-35; Waiver Consent, Judicial Confession, and Plea Agreement [Doc. # 14-3], at 35-36.

[44]     Court Reporter's Record, vol. 2 [Doc. # 14-5], at 47-63.

### D.    Gardiner's Guilty Plea (Claim 4)

Gardiner contends that his guilty plea was not voluntarily or knowingly made.[45] Gardiner raised a similar claim on state habeas corpus review.[46] The state habeas corpus court, which also presided over Gardiner's guilty plea and punishment proceeding, rejected the claim after finding that he "knowingly and voluntarily entered [his] guilty plea."[47]  The respondent maintains that Gardiner fails to show that the state court's findings are incorrect and that he is not otherwise entitled to relief on this claim.[48]

It is well established that "[a] guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).  "The critical issue in determining whether a plea was voluntary and intelligent is 'whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect.'" *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (quoting *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991)).  "On federal habeas

---

[45]    Petition [Doc # 1], at 6, 13, 14; Memorandum [Doc. # 2], at 2-3.

[46]    State Habeas Application [Doc # 14-21], at 11, 17.

[47]    Findings of Fact and Conclusions of Law [Doc. # 14-21], at 126.

[48]    Respondent's Motion for Summary Judgment [Doc. # 13], at 13-15.

18

review, it suffices if a defendant is informed of the maximum term of imprisonment. 'As long as the defendant understands the length of time he might possibly receive, he is fully aware of the consequences of his plea.'" *Hobbs v. Blackburn*, 752 F.2d 1079, 1082 (5th Cir. 1985) (quoting *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981)).

The record shows that Gardiner admitted his guilt in a written judicial confession after being admonished of his rights in writing by the trial court.[49] The admonishments, the judicial confession, and the plea agreement are signed by Gardiner, his defense counsel, the prosecutor, and the trial court. At the start of the punishment proceeding, the trial court repeated the admonishments and confirmed that Gardiner understood the consequences of his guilty plea.[50] Gardiner acknowledged in open court that he understood the charges against him as well as the range of punishment that he faced.[51] Gardiner acknowledged further that he understood the rights he was waiving, including the right to have the State present

---

[49]     Admonitions to the Defendant for Plea to the Court [Doc. # 14-3], at 34-35; Waiver Consent, Judicial Confession, and Plea Agreement [Doc. # 14-3], at 35-36.

[50]     Court Reporter's Record, vol. 2 [Doc. # 14-5], at 11-14.

[51]     *Id*. at 11-12.

evidence, and he assured the trial court that he was freely and voluntarily waiving those rights.[52]

Official court records, such as the written admonishments executed by Gardiner, his defense counsel, the prosecutor, and the trial court, "are entitled to a presumption of regularity and are accorded great evidentiary weight" on habeas corpus review. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081-82 (5th Cir. 1985) (citations omitted). Likewise, representations made by the defendant, his lawyer, and the prosecutor, as well as the findings made by the trial judge accepting the plea, constitute a formidable barrier to any subsequent collateral attack. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). A defendant's "[s]olemn declarations in open court carry a strong presumption of verity." *Id*. at 74; *see also United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy."). As a result, a defendant's representations during a plea colloquy impose a "heavy burden" of proof upon the defendant to show that her plea was not voluntarily and knowingly made. *See United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1984); *see also DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994) ("Although their attestations to voluntariness are not an absolute bar to raising this claim, Appellants face a heavy burden in proving that they are entitled to relief because such testimony in open court carries a strong

---

[52]    *Id*. at 13.

presumption of verity.").  To warrant relief, a defendant must show that his plea was "so much the product of . . . misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment." *Blackledge*, 431 U.S. at 75.

Gardiner does not dispute that he voluntarily entered a plea of guilty in this instance.  Likewise, he does not dispute that he knowingly waived the rights outlined by the trial court in the admonishments that he received both in writing and in open court.   Gardiner argues instead that his decision to enter a guilty plea was unknowingly made because it was tainted by his counsel's failure to advise him that his indictment was barred by the statute of limitations and by the fact that the State failed to present sufficient evidence to support the conviction.  For reasons discussed previously, however, Gardiner fails to show that his indictment was barred by limitations or that the State was required to prove that he committed the offense beyond a reasonable doubt in order to support his guilty plea.  As a result, Gardiner does not show that the state habeas corpus court's decision to reject this claim was objectively unreasonable and the respondent is entitled to summary judgment on this issue.

### E.     Ineffective Assistance of Counsel (Claim 5)

Gardiner contends that he was denied effective assistance of counsel in connection with his guilty plea and punishment proceeding because his attorney

failed to (a) object to the defective indictment; (b) object to the trial court's finding of guilt based on insufficiency of the evidence; (c) misled him about whether there was a "deal with the prosecutor to receive probation"; and (d) be present for the formal reading of the judgment.[53] The state habeas corpus court rejected these claims after considering an affidavit from defense counsel,[54] concluding that Gardiner was not denied effective assistance under the legal standard found in *Strickland v. Washington*, 466 U.S. 668 (1984).[55]

As the state habeas corpus court correctly determined, a criminal defendant's ineffective-assistance claim is analyzed under the clearly established standard set forth in *Strickland*. *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). To prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency. *See id.* at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable." *Id.* Thus, the failure to demonstrate deficient performance or prejudice is fatal to an ineffective-assistance claim. *See id.* at 683; *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

---

[53]    Petition [Doc. # 1], at 14-17; Memorandum in Support [Doc. # 2], at 5-8.

[54]    Trial Counsel's Affidavit [Doc. # 14-21], at 96-97.

[55]    Findings of Fact and Conclusions of Law [Doc. # 14-21], at 125-26.

To demonstrate deficient performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. This is a "highly deferential" inquiry in which "counsel is strongly presumed to have rendered adequate assistance" and that the challenged conduct was the product of reasoned trial strategy. *Id.* at 690. To overcome this presumption, a defendant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Id.* at 690.

A showing of mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Id.* at 691. To establish the requisite prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

The Supreme Court has held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In *Hill*, the Supreme Court modified the prejudice-prong of the *Strickland* standard by clarifying that the prejudice inquiry is not satisfied unless a defendant shows that "there is a reasonable probability that,

but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59; *see also Premo v. Moore*, 562 U.S. 115, 129 (2011).

Gardiner's allegations of ineffective assistance are addressed below under the doubly deferential *Strickland* standard that applies on federal habeas review. *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009); *see also Richter*, 562 U.S. at 105 (emphasizing that the standards created by *Strickland* and § 2254(d) are both "highly deferential," and "'doubly' so" when applied in tandem) (citations and quotations omitted).

### 1. Failure to Object (Claims 5a and 5b)

Gardiner alleges that counsel was deficient for failing to object that his indictment was barred by the statute of limitations and to the State's failure to present sufficient evidence or proof beyond a reasonable doubt in support of his plea.[56] The respondent notes that these allegations of ineffective assistance are waived by Gardiner's guilty plea.[57] A knowing and voluntary guilty plea waives all non-jurisdictional defects that occurred prior to the plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). This waiver includes "all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of

---

[56]   Petition [Doc. # 1], at 14; Memorandum in Support [Doc. # 2], at 6-7.

[57]   Respondent's Motion for Summary Judgment [Doc. # 13], at 18-19.

24

the giving of the guilty plea." *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Because Gardiner has not shown that his guilty plea was involuntary or unknowing, all non-jurisdictional defects and ineffective-assistance claims unrelated to his decision to enter a guilty plea are waived.

Even assuming that the claims are not waived, the proposed objections are without merit for reasons discussed previously and cannot form the basis for an ineffective-assistance claim. *See Turner v. Quarterman*, 481 F.3d 292, 298 (5th Cir. 2007) (holding that "counsel cannot have rendered ineffective assistance of counsel by failing to make an objection that would have been meritless"); *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness."). Because the proposed objections are without merit, Gardiner fails to establish deficient performance or actual prejudice and he is not entitled to relief on these claims.

### 2. Misleading Advice (Claim 5c)

Gardiner appears to allege that his defense counsel was ineffective, and that his guilty plea was tainted as a result, because his counsel gave him misleading advice about whether the prosecutor had offered a "deal" for probation.[58]   In his

---

[58]     Petition [Doc. # 1], at 14-15; Memorandum in Support [Doc. # 2], at 6.

affidavit to the state habeas corpus court, defense counsel noted that he fully explained the charges and the applicable range of punishment before Gardiner agreed to plead guilty and let the trial court decide his sentence. [59]  Defense counsel reported that the prosecutor had offered a plea bargain of 8 years' imprisonment, but Gardiner turned it down.[60]  According to defense counsel, "no promise of probation was made either implicitly or explicitly."[61]  The state habeas corpus court, which also presided over the guilty plea proceeding, indicated that it was familiar with defense counsel and that he was "well-qualified" to represent criminal defendants in felony cases.[62]  The state habeas corpus court also found counsel's affidavit to be "credible" and that no promise of probation was made.[63]

Credibility findings, such as those made by the state habeas corpus court with respect to defense counsel's affidavit, are entitled to substantial deference on federal habeas review.  *See Coleman v. Quarterman*, 456 F.3d 537, 541 (5th Cir. 2006) (citing *Guidry v. Dretke*, 397 F.3d 306, 326 (5th Cir. 2005)).  In that respect, the state court's factual findings and credibility determinations are presumed correct for

---

[59]    Trial Counsel's Affidavit [Doc. # 14-21], at 96.

[60]    *Id.*

[61]    *Id.*

[62]    Findings of Fact and Conclusions of Law [Doc. # 14-21], at 125-26.

[63]    *Id.*

purposes of federal habeas corpus review unless they are rebutted with "clear and convincing  evidence." 28 U.S.C. § 2254(e)(1); *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001); *see also Mays v. Stephens*, 757 F.3d 211, 214 (5th Cir. 2014) ("The presumption [of correctness] is especially strong when the state habeas court and the trial court are one in the same.") (quoting *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000)); *Boyle v. Johnson*, 93 F.3d 180, 186 (5th Cir. 1996) ("The presumption is particularly strong where, as here, the habeas court was the same court that presided over the trial.").

In his response to the respondent's motion for summary judgment, Gardiner acknowledges that the prosecutor had offered a sentence of eight years' imprisonment in exchange for a guilty plea.[64]  Gardiner does not present any evidence or additional facts to challenge the state habeas corpus court's finding that defense counsel's affidavit was credible and that no promise of probation was made in his case.  Gardiner's conclusory allegations are not "clear and convincing evidence" sufficient to overcome the presumption of correctness attributed to the state habeas corpus court's findings and credibility determinations.  *See Miller v. Thaler*, 714 F.3d 897, 903 (5th Cir. 2013) (citing *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (affirming that pursuant to AEDPA, "a determination of a factual

---

[64]     Petitioner's Response [Doc. # 18], at 21.

issue made by a State court shall be presumed to be correct," and that presumption must be rebutted by "clear and convincing evidence") (quoting 28 U.S.C. § 2254(e)(1)); *Richards v. Quarterman*, 566 F.3d 553, 563 (5th Cir. 2009) (affirming that "the state habeas court's factual determinations, including its credibility findings, are entitled to a presumption of correctness")); *see also Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (per curiam) ("re-emphasiz[ing] that mere conclusory allegations do not raise a constitutional issue in a habeas proceeding") (citation omitted).  Under these circumstances, Gardiner does not demonstrate that he has a meritorious claim or that the state habeas corpus court's decision to deny relief was objectively unreasonable.  Therefore, the respondent is entitled to summary judgment on this issue.

### 3.    Failure to Appear (Claim 5d)

Finally, Gardiner alleges that counsel was deficient because he failed to appear or be present when the written judgments were formally read on the record following the punishment hearing.[65]  As noted above, Gardiner's claim that he was denied counsel during this portion of his proceeding was rejected on direct appeal after it was determined that the written judgments were "identical to those orally pronounced by the court when Gardiner's attorney was present" and that Gardner

---

[65]    Petition [Doc. # 1], at 15-17; Memorandum in Support [Doc. # 2], at 6.

failed to show any harm from counsel's absence.  *See Gardiner v. State*, Nos. 09-16-0092-CR & 09-16-00196-CR, 2017 WL 2687476, at *2 (Tex. App. — Beaumont, June 21, 2017, pet. ref'd).  Gardiner's ineffective-assistance claim was rejected by the state habeas corpus court, which found that Gardiner was not prejudiced by his counsel's absence when sentence was formally pronounced.[66]

Gardiner contends that he was prejudiced by his attorney's absence because he was denied the right to say anything on his own behalf before sentence was imposed as required by article 42.07 of the Texas Code of Criminal Procedure and he wanted his counsel to raise an objection on this basis for purposes of preserving error for appeal.[67]  Assuming that this was true, Gardiner fails to show that he was prejudiced by the error.  Article 42.07 establishes a Texas criminal defendant's right of allocution, giving him the "opportunity to state any reason why sentence should not be pronounced against him," and lists the reasons preventing sentence. *See* Tex. Code Crim. Proc. Ann. art. 42.07.  Under this provision, the "only reasons which can be shown, on account of which sentence cannot be pronounced, are:

1. That the defendant has received a pardon from the proper authority, on the presentation of which, legally authenticated, he shall be discharged.

---

[66]    Findings of Fact and Conclusions of Law [Doc. # 14-21], at 126.

[67]    Petition [Doc. # 1], at 16; Memorandum in Support [Doc. # 2], at 6.

2. That the defendant is incompetent to stand trial; and if evidence be shown to support a finding of incompetency to stand trial, no sentence shall be pronounced, and the court shall proceed under Chapter 46B; and

3. When a person who has been convicted escapes after conviction and before sentence and an individual supposed to be the same has been arrested he may before sentence is pronounced, deny that he is the person convicted, and an issue be accordingly tried before a jury, or before the court if a jury is waived, as to his identity.

Tex. Code Crim. Proc. Ann. art. 42.07.  Gardiner does not establish that any of the statutory reasons set out in Article 42.07 to prevent the pronouncement of sentence existed in his case.  As a result, Gardiner does not demonstrate harm.  *See Reyes v. State*, 774 S.W.2d 670, 672 (Tex. App. — Houston [14th Dist.] 1989, no pet.). Absent a showing of harm, Gardiner does not show that his counsel would have had a valid objection to raise if he were present.  Gardiner fails to establish that he was denied effective assistance of counsel for this reason and he does not otherwise show that he is entitled to relief on this issue.  Because Gardiner has not established that he has a valid claim, the respondent's motion for summary judgment will be granted and this action will be dismissed.

## IV.   <u>CERTIFICATE OF APPEALABILITY</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  A certificate of appealability will not issue unless the

petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted).

After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong.  Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## V.    <u>**CONCLUSION AND ORDER**</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment [Doc. # 13] is **GRANTED**.

2. The petition for a writ of habeas corpus filed by Leroy Wayne Gardiner [Doc. # 1] under 28 U.S.C. § 2254 is **DENIED** and this case is **DISMISSED with prejudice**.

3. A certificate of appealability is **DENIED**.

31

4.  Gardiner's motion for appointment of counsel [Doc. # 19] is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on __February 26_____, 2021.


NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE